### McDONALD, Appellant, v. EVATT, TAX COMMISSIONER, Appellee.

Board of Tax Appeals

No. 8446.

C. C. Sedgwick, Bellaire, for appellant.

David M. Spriggs, Assistant Attorney General, Columbus, for appellee.

This cause and matter came on to be heard by the Board of Tax Appeals upon an appeal filed herein by the appellant under date of May 12, 1944, from an order of the tax commissioner under date of April 20, 1944, which denied an application for review and redetermination theretofore filed by the appellant with respect to certain corrected intangible property tax assessments made against the appellant for the tax years 1941, 1942 and 1943, respectively. The case was heard by the Board of Tax Appeals upon said appeal, upon a transcript of the proceedings of the tax commissioner relating to the tax assessments complained of, and upon the evidence offered and introduced on the hearing of the case on said appeal.

Upon consideration of the case as thus heard and submitted, the Board finds that in and for each of the tax years 1941, 1942 and 1943 the appellant filed an intangible and personal property tax return in which, among other things, he set out his income yield for the preceding calendar year on productive investments owned and held by him on tax listing day in each of said tax years; but in each of said tax returns the appellant failed to set out therein the moneys received by him from the trustees of the estate of one Robert M. Gilleland, deceased, out of the net income of a trust administered by such trustees in the State of West Virginia. The tax commissioner on audit of said several tax returns, included as part of the taxable income yield of the appellant for the tax year 1941 the sum of $2750.00 received by the appellant from said trust estate, and extended the prescribed tax on this amount of money as income yield and on the sum of $1375.00 assessed penalty, which resulted in an increased intangible property tax against the appellant for said year in the amount of $206.25. Upon audit of appellant's 1942 tax return the tax commissioner included as taxable income yield the sum of $2700.00 received by the appellant from said trust estate, and extended a tax thereon and upon the penalty in the amount of $1350.00, which made an increased intangible property tax against the appellant for said year in the amount of $202.50. On the audit of appellant's tax return for the tax year 1943 the tax commissioner included, as taxable income yield the sum of $3100.00 received by the appellant from the income of said trust estate, and the tax was assessed upon this amount and upon the sum of $1550.00

penalty, resulting in an increased intangible property tax against the appellant for said tax year in the amount of $232.50. From the order of the tax commissioner denying application for review and redetermination with respect to the increased tax assessments so made, the appellant filed this appeal with the Board of Tax Appeals.

The several sums of money in the amounts of $2750.00, $2700.00 and $3100.00, respectively, which were included by the tax commissioner as a part of the taxable income yield of appellant for the several tax years above noted, were paid by the trustees of said trust estate to the appellant as the successor in interest of his deceased wife, Edna Gilleland McDonald, who was one of the seven children of Robert M. Gilleland, deceased. By the terms of the last will and testament of Robert M. Gilleland setting up said trust estate, provision was made for the payment of annual sums of money out of the net income of the trust estate to the widow and youngest daughter of the appellant. And the trustees were authorized—through not required—to pay annually to said Edna Gilleland McDonald as one of the children of said Robert M. Gilleland, one-seventh of the unexpended net income of the trust estate. Edna Gilleland McDonald by her last will and testament, devised and bequeathed to her husband, George H. McDonald, the appellant, all the residue and remainder of the property of every kind and description which she owned or had a right to dispose of at the time of her death.

Construing the provisions of the last will and testament of Robert M. Gilleland in their application to the facts presented in a case pending in the Circuit Court of Ohio County, West Virginia, the court decided that the trustees were, likewise authorized to pay the one-seventh of such unexpended net income of the estate to the appellant, George H. McDonald, as the surviving husband of said Edna Gilleland McDonald. This decision and judgment of the Circuit Court of Ohio County, West Virginia, which had jurisdiction of the subject matter and the parties in the case, is, of course, binding upon this Board as a quasi judicial tribunal of the State of Ohio. See **Lozier v Lozier, 99 Oh St 254**; Blair v Commissioner of Internal Revenue, 300 U. S. 5, 81 L. Ed. 465. The several sums of money, above noted, which were included by the tax commissioner as income yield of the appellant for the tax years 1941, 1942 and 1943, respectively, were paid to the appellant out of the unexpended net income of said trust estate pursuant to the authority thus conferred upon

the trustees. In this situation and on the facts here presented, the Board of Tax Appeals is of the view that it is controlled in this case by the decision of the Supreme Court of Ohio in the case of **Harker v. Evatt, 140 Oh St 346,** and by the decision of the Board of Tax Appeals in the case of **Fisher v. Evatt, 28 O. O. 34.** Touching this question, the Supreme Court in the **Harker** case, held:

"Where, by the terms of a testamentary trust, the trustee is authorized but not required to make a distribution of income from the trust to or for the benefit of one or more of three beneficiaries of the trust, leaving such distribution among the three beneficiaries as to time and amount to the sole discretion of the trustee, a beneficiary receiving a distribution of income under such trust has a taxable interest therein, the value of which, for tax purposes, shall be based upon the income yield from the trust investment paid to such beneficiary during the previous calendar year."

In the case of Fisher v Evatt, supra. as the question was presented on the facts of that case, the Board of Tax Appeals said:

"* * * True, this trust interest of these several children during the life of the appellant is discretionary in the appellant as trustee with respect to the benefit extended to these several children for the purpose of such maintenance and support; and in this view the several trust interests of these children are not such as would be assignable or alienable by them. See **Harker v Evatt, 140 Oh St., 346, 351, 24 O. O. 261.** Inasmuch, however, as the appellant as trustee of this estate and acting under the authority conferred upon her by this will, made distributions of income to each of these children during the years 1937 and 1938, it follows that for and with respect to the tax years 1938 and 1939, here in question, these children and each of them had an actual taxable beneficial interest in the corpus of this estate measured as to each year by their income from taxable investments constituting a part or all of the corpus of the estate in the hands of the trustee. See Harker v Evatt, supra."

These views lead to the conclusion that the tax commissioner did not err in including the several sums of money in the amounts of $2750.00, $2700.00 and $3100.00, respectively, as a part of the taxable income yield of appellant for the

528

several tax years here in question. And, in the opinion of the Board this conclusion is not affected by the fact that the corpus of the trust out of which the income payments here in question were made to appellant, was in the State of West Virginia where the trustees of the trust estate reside. **Rowe v Braden et al., Tax Com., 126 Oh. St. 533.**

The Board is of the view, however, under the facts and circumstances of this case, that the 50% penalty extended by the tax commissioner against the appellant for each of said tax years is excessive; and the Board, acting by and with the consent of the tax commissioner, hereby orders and directs that such penalty for each of said tax years be reduced to 5% of the several sums of money above noted, which were not listed by the appellant in his tax returns for the tax years 1941, 1942 and 1943, respectively, but which were included by the tax commissioner as income yield of the appellant for said tax years. And as thus modified it is by the Board of Tax Appeals considered and ordered that the order of the tax commissioner and the tax assessments complained of in this appeal be, and the same hereby are, affirmed.

BOARD OF TAX APPEALS